UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

ALFREDO ROSELLO

    Plaintiff,

vs.

GS GROUP SERVICES LLC d/b/a RIGHT CARS MIAMI, a Florida Limited Liability Company, and MAURICIO GALLEGO CUEVAS, individually,

    Defendants.
_____/

## NOTICE OF REMOVAL

    Defendant, GS GROUP SERVICES LLC (hereinafter "GS GROUP"), by and through uts undersigned counsel and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441(a), file this Notice of Removal of this cause from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida and allege as follows:

    1.    Defendant GS GROUP is named in a civil action brought in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida captioned Alfredo Rosello v. GS Group Services LLC d/b/a Right Cards and Mauricio Gallego Cuevas, case no. 2019-CC-008854. See Exhibit A.

    2.    Plaintiff served GS GROUP on April 29, 2019[1]. See Exhibit B. Accordingly, this Notice of Removal is timely filed within thirty (30) days after the date of receipt of summons and

---

[1] It does not appear from the state docket that Plaintiff has served Defendant CUEVAS.

a copy of the initial pleading setting the claim for relief upon which this action is based. *See* 28 U.S.C. §1446(b); *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)(holding that thirty day time period under removal statute begins to run from the date of formal service). Pursuant to Fed.R.Civ.P.81(c), Defendant GS GROUP may file their responsive pleadings to Plaintiff's Complaint within seven days after the filing of this Notice of Removal.

3. Plaintiff has filed a five-count Complaint. *See* Exhibit A. Two of the counts, specifically, counts IV and V, are claims for minimum wages and overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The first three counts are filed under state common law (breach of contract, unjust enrichment, and quantum meruit) and arise from the same nucleus as the federal-based claims. Namely, the first three state law counts seek recovery of wages for the same hours as those being claimed in counts IV and V.

4. Plaintiff's Complaint asserts claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. *See* Exhibit A. This Court has original subject matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §1331[2]. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (explaining that district courts have original jurisdiction over FLSA claims pursuant to §1331 and §1337(a)).

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367[3] for the state law claims of breach of contract, unjust enrichment, and quantum meruit.

---

[2] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

[3] In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

6. The United States District Court for the Southern District of Florida embraces the county in which the state court action is now pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 105(a)(1).

7. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal, along with a copy of this Notice of Removal, will be promptly filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and served upon counsel. A copy of the Notice to State Court of Removal is attached as Exhibit C.

8. Attached are all documents which have been filed in the state court action. Exhibit D.

WHEREFORE, Defendant GS GROUP respectfully request that this matter be removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

DATED this 28th day of May, 2019.

Mamane Law LLC
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was served on Plaintiff's counsel, Jason S. Remer, Esq., 44 West Flagler Street, Suite 2200, Miami, Florida 33130, on this 28th day of May, 2019.

Mamane Law LLC
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561